IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JORGE NATAL, ) | |
| ) | CIVIL ACTION NO. 3:05-3617-CMC-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SISTERS OF CHARITY, doing business ) | |
| as Providence Hospitals, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq. (first cause of action). Plaintiff also asserts supplemental jurisdiction over his pendant state law cause of action for wrongful discharge -violation of public policy (second cause of action).

The Defendant has filed a partial motion for dismissal with respect to Plaintiff's pendant state law claim for wrongful discharge, arguing that this claim is foreclosed under binding precedent of the South Carolina Supreme Court. Specifically, Defendant argues that a claim for the tort of wrongful discharge in violation of public policy cannot be maintained where there is a statutory remedy available to redress the public policy allegedly violated, and that in this case the ADA provides such a statutory remedy.

The time for Plaintiff to respond to Defendant's motion has expired, with Plaintiff



filing no memorandum in opposition or any other type of notification with the Court addressing Defendant's argument. Hence, Defendant's motion is unopposed. Further, based on the undersigned's own independent review of the applicable caselaw, it is readily apparent that Defendant is correct in its analysis, and that Plaintiff's state law claim is subject to dismissal since a statutory remedy exists for Plaintiff to pursue his claim. Honeck v. Nicolock Paving Stones of New England, No. 04-1577 2005 WL 1388736 at *2 (D.Conn. June 10, 2005) [public policy wrongful discharge claim not allowed where employer had remedy under ADEA and ADA]; Snyder v. J.M. Ney, No. 85-653, 1987 WL 14970 (D.Conn. March 25, 1987) [finding wrongful discharge claim based on age discrimination preempted by the ADEA, ERISA and the Connecticut Fair Employment Act]. *Cf.* Dockins v. Ingles Martkets, Inc., 413 S.E.2d 18 (S.C. 1992) [public policy discharge claim not allowed where employee had remedy under Fair Labor Standards Act]; Epps v. Clarendon County, 405 S.E. 2d 386, 387 (S.C. 1991) [public policy discharge claim not allowed where employee had remedy under 42 U.S.C. § 1983] ; Lawson v. S.C. Dep't of Corrections, 532 S.E.2d 259, 261 (S.C. 2000) [public policy discharge claim not allowed where employee had remedy under state Whistleblower Act]; see also Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998) [public policy discharge claim not allowed where employee had remedy under Title VII]; Makovi v. Sherwin-Williams Co., 561 A.2d 179 (Md. 1989) [same]; Cavin v. Honda of American Mfg., 346 F.3d 713 (6th Cir. 2003) [public policy discharge claim not allowed where employee had remedy under the FMLA].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion be **granted**,



and that Plaintiff's second cause of action for wrongful discharge in violation of public policy be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 11, 2006



3